# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| TOMMY STRAWN, Individually and for Others Similarly Situated,<br><br>v.<br><br>YCI METHANOL ONE, LLC. | Case No. 4:21-cv-00309<br><br>Jury Trial Demanded<br><br>FLSA Collective Action |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. YCI Methanol One, LLC (YCI) failed to pay Tommy Strawn (Strawn), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, YCI pays Strawn, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Strawn brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. Because this case arises under a federal statute (29 U.S.C. § 216(b)), this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District.

6. YCI is also headquartered in this District and Division.

### THE PARTIES

7. Strawn was an hourly employee of YCI.

8. Strawn worked for YCI from approximately June 2019 until November 2020.

9. His consent to be a party plaintiff is attached as **Exhibit A**.

10. Strawn brings this action on behalf of himself and other similarly situated workers who were paid by YCI's "straight time for overtime" system.

11. This collective action is brought on behalf of:

**All hourly YCI workers who were paid straight time for overtime (the "Straight Time Workers").**

12. YCI is a company doing business throughout the United States, including in Harris County, Texas.

13. YCI may be served by serving its registered agent CT Corporation System at 1999 Bryan St., Suite. 900 Dallas, TX 75201.

## COVERAGE UNDER THE FLSA

14. At all relevant times, YCI was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all relevant times, YCI was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all relevant times, YCI was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

17. At all relevant times, YCI had an annual gross volume of sales made in excess of $1,000,000.

18. At all relevant times, Strawn and the Straight Time Workers were engaged in commerce or in the production of goods for commerce.

## THE FACTS

19. YCI is in the business of producing methanol.

20. Prior to being hired by YCI, Strawn interviewed with YCI's HR representative.

21. YCI's HR representative told Strawn what his hourly rate would be, that he would be paid straight time for overtime, and that he was hired.

22. Strawn worked for YCI from approximately June 2019 to November 2020.

23. Strawn performed work for YCI at its construction site in Saint James, Louisiana.

24. Strawn was a Quality Assurance Inspector (QA Inspector) for YCI.

25. As a Quality Assurance Inspector, Strawn reviewed subcontractors quality plans to ensure compliance with set contractual requirements, made sure the quality documentation required for project turnover was completed and complied with contractual requirements, and monitored the installation of piping and equipment by contractors.

26. Strawn reported the hours he works to YCI on a regular basis.

27. Strawn was not guaranteed a salary.

28. If Strawn worked fewer than 40 hours in a week, he was only paid for the hours works.

29. But Strawn regularly worked more than 40 hours in a week.

30. In fact, Strawn routinely worked seven 12-hour shifts per week.

31. Although he often worked 70 to 80 hours per workweek, YCI never paid Strawn any overtime but, rather, paid him straight-time-for-overtime.

32. The hours Strawn and the Straight Time Workers worked are reflected in YCI's records.

33. Rather than receiving time and half as required by the FLSA, Strawn only received "straight time" pay for overtime hours worked.

34. YCI's "straight time for overtime" payment scheme violates the FLSA.

35. YCI was and is aware of the overtime requirements of the FLSA.

36. YCI nonetheless failed to pay certain employees, such as Strawn, overtime.

37. YCI's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

38. YCI's illegal "straight time for overtime" policy extends beyond Strawn.

39. YCI did not guarantee the Straight Time Workers a salary.

40. Instead, YCI paid the Straight Time Workers by the hour with only "straight time for overtime."

41. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

42. YCI pays dozens of workers using the same unlawful scheme.

43. Any differences in job duties do not detract from the fact these workers were entitled to overtime pay.

44. The workers impacted by YCI's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## COLLECTIVE CAUSES OF ACTION

45. Strawn incorporates all previous paragraphs and alleges that the illegal pay practices YCI imposed on Strawn were likewise imposed on the Straight Time Workers.

46. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

47. Numerous other individuals, like Strawn, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

48. Based on his experiences and tenure with YCI, Strawn is aware YCI's illegal practices were imposed on other Straight Time Workers.

49. The Straight Time Workers were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of 40 hours per week.

50. YCI's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Straight Time Workers.

51. The specific job titles or precise job locations of the various Straight Time Workers does not prevent collective treatment.

52. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

53. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

54. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

55. Strawn demands a trial by jury.

## PRAYER

56. Strawn prays for relief as follows:

   a. An Order permitting the issuance of a notice to all Straight Time Workers with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. Judgment against YCI for all unpaid overtime due to Strawn and the Straight Time Workers;

c. Judgment against YCI for an amount equal to all unpaid overtime as liquidated damages;

d. Judgment against YCI awarding attorneys' fees, costs and pre- and post-judgment interest; and

e. For such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
 Michael A. Josephson
 Texas Bar No. 24014780
 Andrew W. Dunlap
 Texas Bar No. 24078444
 Melodie K. Arian
 Texas Bar No. 24119043
 **JOSEPHSON DUNLAP LLP**
 11 Greenway Plaza, Suite 3050
 Houston, Texas 77046
 713-352-1100 – Telephone
 713-352-3300 – Facsimile
 mjosephson@mybackwages.com
 adunlap@mybackwages.com
 marian@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**